IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAYMOND ORRAND, etc., *et al.*,

    Plaintiffs,

  vs.                                Civil Action 2:13-cv-504
                                      Judge Smith
                                      Magistrate Judge King

SANJECTS GROUP, LLC,

    Defendant.

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiffs, Trustees of the Ohio Operating Engineers Health & Welfare Plan, Ohio Operating Engineers Pension Fund, Ohio Operating Engineers Apprenticeship Fund, Ohio Operating Engineers Education & Safety Fund, and Trustee Raymond Orrand ("plaintiffs"), administer employee benefit plans pursuant to various Trust Agreements. *Complaint*, Doc. 1, ¶¶ 1-6. Plaintiffs filed the *Complaint* on May 24, 2013, alleging that defendant, Sanjects Group, LLC, failed to make required contributions to the employee benefits plans. *Id.* at ¶¶ 9-11, 19. Plaintiffs further allege that they are entitled to audit defendant's books and records regarding hours worked by and wages paid to employees covered by the benefit plans. *Id.* at ¶ 12.

Defendant did not move or plead in response to the *Complaint*. Accordingly, the Clerk entered defendant's default on October 25, 2013. *Clerk's Entry of Default*, Doc. No. 18. Plaintiff subsequently filed a motion for default judgment, which was granted on January 22, 2014. Doc. Nos. 21, 22. In the *Order Granting Default Judgment and Order for Audit ("the Audit Order")*, Doc. No. 22, defendant was directed to:

1

>make available to Plaintiffs for audit all of the individual earnings records, weekly payroll journals, and other payroll records of defendant, all quarterly withholding tax and FICA tax returns (Form 941); and all Form W-3 of Defendant for the period December 1, 2011 to the present within thirty (30) days from the date hereof.

*Id*. Plaintiffs now represent that defendant failed to comply with these directives and move to enforce that judgment. *Motion to Cite for Contempt for Failure to Obey Judgment* ("*Plaintiffs' Motion*"). Doc. No. 23. The matter was referred to the undersigned for hearing. *Order,* Doc. No. 26. A hearing was held on May 13, 2014. Plaintiffs were represented at that hearing; no appearance was made by or on behalf of defendant.

It does not appear that the *Audit Order* was served by the Court on defendant. Plaintiffs' counsel sent a copy of the *Audit Order* to defendant by certified mail, but that mailing was returned unclaimed. *Exhibit B*, attached to *Plaintiffs' Motion*. At least one of the orders scheduling the contempt hearing and referring to the *Audit Order* was mailed by the Court to defendant, by both regular and certified mail. However, that *Order*, Doc. No. 26, did not contain all the specific directives contained in the *Audit Order*.[1]

Under these circumstances, the Court concludes that a finding of contempt on the part of defendant is unwarranted at this juncture.

It is therefore **RECOMMENDED** that *Plaintiffs' Motion*, Doc. No. 23, be denied.

Plaintiffs are **ORDERED** to provide the defendant's address or addresses, as well as the name and address of defendant's principal.

---

[1] It is unclear whether either mailing has been successful. To date, neither the regular nor the certified mailing has been returned to the Court.

It is **FURTHER RECOMMENDED** that the Court issue – and serve upon defendant and its principal - an amended audit order granting defendant an additional thirty (30) days to comply with the directives specified in the *Audit Order*, Doc. No. 22, and specifically advising defendant and its principal that a failure to comply with those directives may result in a finding of contempt and the issuance of a warrant for the arrest of defendant's principal.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: May 14, 2014                              *s/Norah McCann King*
                                                Norah M$^c$Cann King
                                            United States Magistrate Judge

3