```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION


RAYMOND ORRAND, etc., et al.,

       Plaintiffs,

   vs.                              Civil Action 2:13-cv-504
                                    Judge Smith
                                    Magistrate Judge King

SANJECTS GROUP, LLC,

       Defendant.
```

### REPORT AND RECOMMENDATION

Plaintiffs, Trustees of the Ohio Operating Engineers Health & Welfare Plan, Ohio Operating Engineers Pension Fund, Ohio Operating Engineers Apprenticeship Fund, Ohio Operating Engineers Education & Safety Fund, and Trustee Raymond Orrand ("plaintiffs"), administer employee benefit plans pursuant to various Trust Agreements. *Complaint*, Doc. No. 1, ¶¶ 1-6. Plaintiffs filed the *Complaint* on May 24, 2013, alleging that defendant, Sanjects Group, LLC, failed to make required contributions to the employee benefits plans. *Id*. at ¶¶ 9-11, 19. Plaintiffs further allege that they are entitled to audit defendant's books and records regarding hours worked by and wages paid to employees covered by the benefit plans. *Id*. at ¶ 12.

Defendant did not move or plead in response to the *Complaint*. Accordingly, the Clerk entered defendant's default on October 25, 2013. *Clerk's Entry of Default*, Doc. No. 18. Plaintiff subsequently filed a motion for default judgment, which was granted on January 22, 2014. Doc. Nos. 21, 22. In the *Order Granting Default Judgment and Order for Audit ("the Audit Order"),* Doc. No. 22, defendant was

directed to:

> make available to Plaintiffs for audit all of the individual earnings records, weekly payroll journals, and other payroll records of defendant, all quarterly withholding tax and FICA tax returns (Form 941); and all Form W-3 of Defendant for the period December 1, 2011 to the present within thirty (30) days from the date hereof.

*Id*. On March 7, 2014, plaintiffs moved to enforce that judgment. *Motion to Cite for Contempt for Failure to Obey Judgment*, Doc. No. 23. That motion was denied because it did not appear that the *Audit Order* had been served on defendant. *Order and Report and Recommendation*, Doc. No. 27; *Order*, Doc. No. 39.

On May 21, 2014, the Court ordered "Defendant to comply with the directives set forth in the *Audit Order* within thirty (30) days." *Order*, Doc. No. 31. Defendant was notified that its "failure to comply with these directives may result in a finding of contempt, as well as the issuance of a warrant for the arrest of Defendant's principal. . . ." *Id*. Plaintiffs thereafter attempted to identify defendant's current principal and address. *Amended Notice of Defendant's Addresses and Principal*, ECF 35; *Plaintiffs' Second Amended Notice of Defendant's Addresses and Principal*, ECF 36.

On October 2, 2014, plaintiffs filed a second *Motion to Cite for Contempt for Failure to Obey Judgment* ("*Plaintiffs' Motion*"), Doc. No. 44, asserting that defendant had failed to comply with the Court's *Audit Order*. The matter was referred to the undersigned for a hearing to be held on December 2, 2014, at 1:00 p.m. *Order*, Doc. No. 45. No appearance was made by or on behalf of any party at that hearing.[1]

---

[1] The Court waited until 1:30 p.m. before calling the case. The Court made no effort to telephone counsel for plaintiffs, who received electronic notice of

It appears that plaintiffs do not intend to pursue *Plaintiffs' Motion*. In any event, the record is at best ambiguous as to whether defendant received notice of the hearing, and it is unclear whether plaintiffs have ever provided an effective address for defendant or its principal. *See, e.g.,* Doc. Nos. 46, 47, 48, 49. For all these reasons, the Court concludes that a finding of contempt on the part of defendant is unwarranted at this juncture.

It is therefore **RECOMMENDED** that *Plaintiffs' Motion*, Doc. No. 44, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976,

---

the hearing because, lacking contact information for defendant and its principal, the Court could not extend the same courtesy to defendant.

984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


December 2, 2014                              *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge

4